LONNIE HAYES & SONS STAVES, INC., Appellant,

v.

BOURBON COOPERAGE COMPANY and Glenmore Distilleries Company, Appellees.

No. 88–CA–1964–MR.

Court of Appeals of Kentucky.

Sept. 29, 1989.

Theodore H. Lavit, Lebanon, William P. Swain, Frank Miller, Jr., Louisville, for appellant.

Robert Spragens, Jr., Lebanon, Larry D. Hamfeldt, Louisville, for appellees.

Before HOWARD, McDONALD and REYNOLDS, JJ.

HOWARD, Judge.

The appellant appeals from a summary judgment granted by the Marion Circuit Court awarding the appellees money due on a note and dismissing the appellant's counterclaim and third-party complaint on the grounds of the Statute of Frauds.

The appellant, Lonnie Hayes & Sons Staves, Inc., produced wooden staves for whiskey barrels. Hayes had supplied staves to the appellee, Bourbon Cooperage Company, since 1966. All of these dealings had been on an oral basis.

In the fall of 1979, Bourbon advanced funds to Hayes for the purchase of a stave mill. Hayes claims that Bourbon agreed to take all of the staves Hayes could produce and retain $5,000 each month from the payment to Hayes to retire the debt. No written agreement was produced at that time. Production began in January of 1980.

On June 10, 1980, Hayes executed a note to Bourbon for $119,000, the amount then remaining on the loan. On June 13, 1983, Bourbon brought an action against Hayes for the balance remaining on the $119,000 note.

On October 17, 1983, Hayes filed an answer, counterclaim and third-party complaint. Hayes claimed that Bourbon breached the 1979 "exclusive output" agreement by refusing to accept and pay for Hayes' stave output. Hayes, in its third-party complaint, alleged that Glenmore Distilleries Company was the principal of Bourbon or the entity which owned Bourbon. Hayes charged that Glenmore "tortiously, willfully and maliciously" interfered with its contractual rights by causing Bourbon to repudiate the agreement.

On August 12, 1985, the trial court rendered a partial summary judgment dismissing the counterclaim and third-party complaint. The trial court concluded that none of the documents in the case supported the existence of a contract between Bourbon and Hayes concerning Bourbon's purchase of Hayes' output of staves. Therefore, the trial court ruled that Hayes' counterclaim was barred by the Statute of Frauds contained in KRS 355.2–201.

The trial court stated that Hayes had not specifically pled as a defense to Bourbon's complaint that the circumstances alleged in the counterclaim and third-party complaint should result in a set-off on any amount due under the note. The trial court reserved any ruling on that question in regard to the Statute of Frauds if raised by a subsequent amended pleading.

Hayes filed an appeal of the order of partial summary judgment. On October 31, 1986, this Court dismissed the appeal and remanded the action principally because the judgment from which the appeal was taken was not final.

On August 22, 1983, the trial court granted Bourbon's motion for summary judgment. The trial court stated that because of its prior ruling and Hayes' failure to amend its pleading in order to assert any affirmative defenses, the only issue was Bourbon's entitlement to payment under the note. The trial court ruled that Bourbon had submitted sufficient records to show the amount due. The trial court ordered Hayes to pay $51,095.06 to Bourbon, which is the principal and accrued interest due on the note. This appeal ensues.

Hayes contends that there are sufficient writings to satisfy the requirements of KRS 355.2–201(1).

The Statute of Frauds in KRS 355.2–201(1) states:

> Except as otherwise provided in this section, a contract for the sale of goods for the price of $500 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker. A writing is not insufficient because it omits or incorrectly states a term agreed upon but the contract is not enforceable beyond the quantity of goods shown in such writing.

The Kentucky Commentary to KRS 355.2–201 provides in pertinent part that "[a]ll that is required is that the writing afford a basis for believing that the offered oral evidence rests on a real transaction."

The 1980 promissory note stated that repayment of the debt would be either in cash on demand, or deductions of $5,000 per month from payments to Hayes for any new white oak inventory cut for Bourbon or a combination of these methods. The note was signed by representatives of both parties.

On August 8, 1981, Bourbon and Hayes executed a purchase order. The purchase order called for "[t]he amount of white oak bourbon staves and the quantity of white oak bourbon heading which develops during the stave production to eliminate the indebtedness outstanding with Bourbon Cooperage Co." The instrument was also signed by representative of both parties. Evidently this was the only purchase order made by the parties concerning the staves.

Hayes argues that the promissory note and the purchase order are sufficient under KRS 355.2–201(1) to show that the parties had entered an oral exclusive output contract. Hayes makes the same argument in regard to activity sheets which show Hayes' production and amounts withheld by Bourbon. These activity sheets do not meet the requirements of KRS 355.2–201(1) as they are not even signed. The other writings do meet the requirements of KRS 355.2–201(1).

As was implied in the commentary to KRS 355.2–201(1), the purpose of the writing required by a Statute of Frauds is to provide evidence of a contract. *Shpilberg v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, Ky., 535 S.W.2d 227 (1976). It does not matter that in this case two writings provide the evidence of a contract. Separate writings may form the memorandum of contract required by the Statute of Frauds. *Restatement of Contracts 2d*, § 132. 72 Am.Jur.2d *Statute of Frauds* § 371. Further, no significance should be attached to the length of time prior to the execution of the promissory note and the purchase order. A writing which satisfies the Statute of Frauds may be made at any time before or after formation of the contract. *Restatement of Contracts 2d* § 136. 72 Am.Jur.2d *Statute of Frauds* § 290.

Hayes insists that it had an exclusive output agreement with Bourbon. An affidavit was introduced by Thomas E. Humphrey, Jr., the president of Bourbon at the time the alleged oral contract was made. Humphrey stated that Bourbon agreed to purchase all of the staves that Hayes could produce.

However, the writings do not indicate that there was an exclusive output agreement between Hayes and Bourbon. But these writings do provide evidence that there was a contract between the parties for the purchase of enough staves to eliminate Hayes' indebtedness. Thus, the defense of the Statute of Frauds was not available to Bourbon. On remand, Hayes must carry its burden to show that there was in fact a contract.

If Hayes does show that it had a contract with Bourbon, it should also have the opportunity to prove that Glenmore tortiously interfered with the contract. *See Henkin, Inc. v. Berea Bank and Trust Co.*, Ky. App., 566 S.W.2d 420 (1978); *Carmichael–Lynch–Nolan Advertising Agency, Inc. v. Bennett & Associates, Inc.*, Ky.App., 561 S.W.2d 99 (1978).

We also note that even if the oral contract had been properly ruled unenforceable under KRS 355.2–201, it appears Hayes could still maintain an action for tortious

interference with the contract. The Kentucky Commentary to KRS 355.2–201 provides "[n]or would the Statute of Frauds provisions of this section be a defense to a third person who wrongfully induces a party to refuse to perform an oral contract, even though the injured party cannot maintain an action for damages against the party so refusing to perform." An annotation on this issue is contained in 96 A.L. R.3d 1294. Under the result reached today, it is unnecessary for us to decide this issue.

The judgment is reversed and remanded for further proceedings consistent with this opinion.

All concur.