COMMONWEALTH ALUMINUM
CORPORATION, Plaintiff,

v.

STANLEY METAL ASSOCIATES,
Defendant.

No. CIV.A.3:00–CV–120–S.

United States District Court,
W.D. Kentucky,
at Louisville.

Aug. 9, 2001.

Victor B. Maddox, Dustin E. Meek, Tachau, Maddox, Hovious & Dickens, Louisville, KY, for plaintiff.

Sharon K. Morris, James M. Morris, Morris & Morris, Lexington, KY, for defendant.

## MEMORANDUM OPINION

SIMPSON, Chief Judge.

This matter is before the Court on the Defendant's motion for partial summary judgment. In addition, the Defendant, Stanley Metal Associates ("Stanley"), moves to strike a number of documents attached as exhibits to the Plaintiff's Response to the motion for summary judgment. For the reasons stated below, we will deny these motions by separate order.

## FACTS

The Plaintiff, Commonwealth Aluminum Corp. ("Commonwealth") manufactures multi-use sheet products and, in the course of its business, buys scrap aluminum from suppliers. Stanley is one of these scrap aluminum suppliers.

Commonwealth claims that the two parties entered into an oral agreement "on or about" October of 1998. This agreement purportedly was evidenced by eight purchase orders sent by Commonwealth to Stanley shortly after the oral agreement. Stanley, however, never fulfilled its alleged obligations under the oral agreement and, with respect to each purchase order, delivered less aluminum than was requested or none at all. Commonwealth has filed suit seeking damages alleging Stanley's breach of this contract.

Stanley admits that it began performance on three of the purchase orders but did not complete them. Therefore, there is no issue as to their validity. Stanley claims, however, that the other five purchase orders were only offers which it never accepted. It contends, then, that Commonwealth is not entitled to recovery on these five orders because there was no contract regarding them. Specifically, in this motion, Stanley argues that Commonwealth cannot satisfy the statute of frauds with respect to these five orders.

After the first of Stanley's deliveries proved to be insufficient, Alan Dick ("Dick"), Commonwealth's manager of metal purchasing, and David Friedman ("Friedman"), an agent for Stanley, began a series of letters, faxes, and emails back and forth which discussed the alleged contract, Stanley's shortage on the orders, and ways to resolve the problem. Commonwealth attached these documents to its response to Stanley's motion for summary judgment because, it argues, they satisfy the statute of frauds.

## DISCUSSION

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and

that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c); *see. Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc.,* 862 F.2d 597, 601 (6th Cir.1988). The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

However, the moving party's burden may be discharged by demonstrating that there is an absence of evidence to support an essential element of the nonmoving party's case for which he or she has the burden of proof. *Celotex Corp.,* 477 U.S. at 323, 106 S.Ct. 2548. Once the moving party demonstrates this lack of evidence, the burden passes to the nonmoving party to establish, after an adequate opportunity for discovery, the existence of a disputed factual element essential to his or her case with respect to which he or she bears the burden of proof. *Id.* If the record taken as a whole could not lead the trier of fact to find for the nonmoving party, the motion for summary judgment should be granted. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

### Statute of Frauds

In its motion, Stanley argues that Commonwealth is prohibited from recovering on the alleged oral contract by Kentucky's statute of frauds, KRS § 355.2–201(1). This shifts the burden to Commonwealth to establish that it can satisfy the statute of frauds. Commonwealth contends that it overcomes this burden for several reasons. It argues, first, that the correspondence between Dick and Friedman provides enough detail of the alleged contract to make it enforceable. Because we agree with Commonwealth on this point, we do not discuss the remaining arguments.

■ The statute of frauds forbids the enforcement of an oral contract unless there is "some writing sufficient to indicate that a contract for sale has been made...." *Id.* Kentucky courts interpret this requirement loosely. *Lonnie Hayes & Sons Staves, Inc. v. Bourbon Cooperage Co.,* 777 S.W.2d 940, 942 (Ky.App. 1989)("All that is required is that the writing afford a basis for believing that the offered oral evidence rests on a real transaction."). The UCC drafters' comments explain that the required writing has only three definite and invariable requirements: "First, it must evidence a contract for the sale of goods; second, it must be 'signed,' a word which includes any authentication which identifies the party to be charged; and third, it must specify a quantity." UCC § 2–201, off.com.1. At a minimum, then, these three elements must be present in order for Commonwealth to enforce the oral contract allegedly negotiated between the parties in October of 1998.

■ Commonwealth has attached several letters, emails and faxes to its responsive brief which it claims satisfy the statute of frauds. In one dated August 30, 1999, Friedman writes, "Stewart and I want to avoid legal proceedings or arbitration very much but at the same time we were completely misinformed and ill-advised when we took the orders in question." (Def.Mem.Resp.Summ.J., Ex.C.) Friedman then proposes a resolution for the "open orders" which includes a list titled, "Quantity Unshipped." (*Id.*) The figures from this list correspond precisely to the amounts Commonwealth alleges it ordered minus the amounts purportedly delivered by Stanley on three of the purchase orders.

This letter, if admissible, satisfies the statute of frauds. First, it is constructively signed by Friedman, a representative of Stanley. Second, it specifies a quantity which is equivalent to the alleged contract amount and refers to the purchase orders

which also contain a quantity term. Finally, it evidences a contract for the sale of goods.

■ Friedman does write in the past tense about Stanley's acceptance of Commonwealth's orders. However, in order to satisfy the statute of frauds, "the writing ... need not be sent with the intent to acknowledge a contract." 1 James J. White And Robert S. Summers, Uniform Commercial Code § 2–4 (4th ed.1995). Thus, a writing may satisfy the statute of frauds even though it is not contemporaneous with the execution of the contract or the "meeting of the minds." In fact, the writing may even note a dispute as to the terms of the agreement or, as is the case here, raise potential defenses to its enforcement. *See Id.; Waltham Truck Equipment Corp. v. Massachusetts Equipment Co.,* 389 N.E.2d 753, 754 (Mass.App.Ct.1979)(letter recognized contract "even though they indicated a dispute as to one of the terms...."); Hawkland UCC Series § 2–201:04 (Art. 2)("A grumbling statement of discontent or a letter of cancellation can have the effect of a memorandum sufficient to satisfy the statute of frauds."). Therefore, while Friedman's statement that Stanley "took the orders in question" does not prove beyond a doubt the existence of a contract between the parties, it does provide a basis for believing that the offered oral and unsigned evidence rests upon a real transaction.

### Motion to Strike

Stanley claims that Friedman's correspondence cannot be considered because it constitutes settlement negotiations and is inadmissible as evidence under Fed. R.Evid. 408. Based upon this argument, Stanley moves to strike these documents from the record. If the letters are protected by Rule 408, then we should not consider them in this motion for summary judgment. *Trebor Sportswear Co., Inc. v.*

*The Limited Stores, Inc.,* 865 F.2d 506, 510 (2nd Cir.1989). However, Stanley presents no law which supports striking these documents from the record altogether. Therefore, we will deny Stanley's motion to strike, but will proceed to determine whether the documents are admissible in order to satisfy the Statute of Frauds.

■ Rule 408 precludes the introduction of evidence relating to attempts to compromise a claim which is disputed as to either "validity or amount." Before the rule may be implemented, however, there must be an actual dispute or difference of opinion as to the validity or amount of the claim. 2 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence,* § 408.06 (Joseph M. McLaughlin, ed., Matthew Bender 2d ed.2001). One party does not have to file suit or involve its lawyers in order for there to be an actual dispute. *Affiliated Mfrs., Inc., v. Aluminum Co. of Am.,* 56 F.3d 521, 528 (3d Cir.1995). However, one-sided discussions which contain admissions of fact along with settlement demands and threats of litigation are not protected. *Ullmann v. Olwine, Connelly, Chase, O'Donnell & Weyher,* 123 F.R.D. 237, 242 (S.D.Ohio 1987). Thus, a party cannot exclude a document from evidence simply because, in it, the party indicates that it considers a claim in dispute.

■ The correspondence between Dick and Friedman makes clear that Stanley and Commonwealth were not on ideal business terms with one another. For example, there is a good deal of debate between the two as to how to handle two unrelated incidents regarding Commonwealth's rejection of certain scrap aluminum and Commonwealth's decision to debit Stanley's account without notice. However, most of this debate appears to center around Stanley's disappointment with Commonwealth's business practices rather than any legally disputed claims. More to

the point, Friedman never debates the validity or amount of the orders at issue. While he does propose ways to solve the issue, none of these are the compromises of opposing claims. For example, Friedman writes, on May 10, 1999, "The first thing we need to agree on is exactly what quantity of material remains unshipped.... Let's assume for purposes of discussion that we owe a total of approximately 2.5 million pounds...." (Def.Mem.Resp.Summ.J., Ex.C.) This statement appears to admit to the validity of the alleged contracts and does not dispute the total amount alleged due.[1]

The August 30 email from Friedman quoted above offers proposals to resolve the "open orders." It also, in the very sentence in which we find language sufficient to satisfy the statute of frauds, mentions the possibility of lawsuits and arbitration. Nevertheless, there is still no dispute over the validity or amount of the alleged contracts. Thus, to the extent that it can be read to evidence a dispute over Commonwealth's claim, it is a one-sided dispute not protected by Rule 408. Therefore, we find that these letters, including the August 30, 1999, email, are admissible to satisfy the statute of frauds.

## CONCLUSION

The Plaintiff has satisfied the statute of frauds. The Defendant's motion to dismiss will be denied by a separate order entered this date.

## ORDER

For the reasons set forth in the memorandum opinion entered this date and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND AD-** **JUDGED** that the Defendant's Motion for Summary Judgment is **DENIED.**

---

1. Dick indicates by letter that the total amount undelivered is less than 2.5 million pounds. (Def. Mem. Resp. Summ.J., Ex.C, fax dated May 18, 1999.)