## Hon et al v. Richerson et al.

March 22, 1946.

L. M. Ackman for appellants.

C. C. Adams and F. A. Harrison for appellees.

OPINION OF THE COURT BY JUDGE SIMS—Reversing.

By their petition as amended, appellants asked the

chancellor to reform a written contract they entered into with appellees, D. L. Richerson and wife, for the purchase of land and then to decree that the Richersons should specifically perform the contract. A general demurrer was sustained to the petition, and the amendments thereto, and when appellants declined to plead further the petition was dismissed and they appeal.

In a writing dated May 11, 1942, signed by all the parties, D. L. Richerson agreed to convey to appellants "his farm of about 73½ A. more or less, which joins Jesse Atha & W. W. Hon on southwest side of their farm, which they are to pay D. L. Richerson first part $1837.50, as soon as can have the land surveyed." The purchasers paid $75 upon signing the contract, which was to apply upon the purchase price, and it was a part of the contract that they were to have the land surveyed and to divide it at their expense.

The petition averred that Hon and Atha had the farm surveyed on May 16, 1942, and it was found to contain only 53.75 acres; that the deed conveying this land to Richerson and wife dated January 17, 1929, showed the boundary contained but 55 acres and that the Richersons conveyed away a small strip of 1.25 acres, leaving them the owners of 53.75 acres; that the appellees had listed the farm for taxation as containing 55 acres and they knew it did not contain the 73½ acres which they falsely and fraudulently represented to appellants it did contain; that appellants relied upon such fraudulent representation when the contract was drawn and multiplied 73½ acres by the agreed price of $25 per acre, which amounted to $1837.50, and they agreed to pay appellees that sum for the 73½ acres which appellees represented the farm contained; that through clerical misprision and oversight it was omitted from the contract that the sale was by the acre and through mutual mistake the contract did not recite the price to be paid for the farm was $25 per acre. Appellants asked that the contract be reformed to show that the sale was by the acre and as so reformed that specific performance be decreed against appellees.

In an attempt to avoid specific performance appellees argue that due to the great disparity between the acreage named in the contract and that shown by the survey—practically 20 acres or 27%—specific perform-

ance should not be enforced, citing McGeorge v. White, 295 Ky. 367, 174 S. W. 2d 532, 153 A. L. R. 1. Appellants counter by saying that the rule set out in the McGeorge opinion (where there is an excessive difference in the acreage contracted for and that which is actually embraced within the boundary, there is no meeting of the minds on the material part of the subject matter of the contract) has no application here because the Richersons knew their farm contained only 53.75 acres, which they falsely and fraudulently represented as containing 73.5 acres to induce appellants to pay them $1837.50 therefor.

The written opinion of the learned special chancellor who tried the case shows that he sustained the general demurrer to the petition on the theory that taking the averments of appellants' pleading as true, that the sale was by the acre and not in gross, it follows from the very nature of such a contract that there could be no fraudulent misrepresentation by appellees since they would be paid $25 per acre for the land regardless of how many acres it contained.

The chancellor would be correct in an instance where there is no controversy that the sale was by the acre and where the purchasers are willing to take the actual acreage and are familiar with the land. But the petition before us, the averments of which must be taken as true on the demurrer, alleges that the Richersons falsely and fraudulently represented that the farm contained 73.5 acres in order to induce appellants to agree to pay them therefor a sum of $1837.50, and appellants relying upon such fraudulent representation did agree to pay that sum which represented 73.5 acres at $25 an acre. What was written in McGeorge v. White, 295 Ky. 367, 174 S. W. 2d 532, 153 A. L. R. 1, as to there being no meeting of the minds where there was a discrepancy of 73% between the estimated and actual acreage, has no application here because there was no fraudulent misrepresentation in the McGeorge case as to the number of acres, while the petition here avers fraud.

Much is said in appellees' brief that specific performance is not granted as a matter of right but lies within the sound discretion of the chancellor, who will grant it only where required by good conscience in an effort to do substantial justice. Miller v. Prater, 267

Ky. 11, 100 S. W. 2d 842. At this time we are not passing on the question as to whether the merits of the case will justify reformation of the contract and then a specific performance thereof, but only on whether or not the petition as amended states a cause of action. It takes clear and convincing evidence to reform a contract on the ground of fraud and mistake. Blanton v. Blanton, 238 Ky. 90, 36 S. W. 2d 845; Whitley Lodge, etc., v. West, 293 Ky. 341, 168 S. W. 2d 1009, and after the proof is in the chancellor will then determine whether or not it is sufficient to justify a reformation of the contract followed by a specific performance thereof.

Appellees insist that the special demurrer should have been sustained to the petition inasmuch as Mrs. Richerson's name does not appear in the body of the contract and her mere signing of it was not enough to bind her. Appellants' pleading avers that Mrs. Richerson was present while the contract for the sale was being negotiated and if the evidence shows this, it will be sufficient to bind her on the contract and it is not necessary for us to determine whether she became a party thereto merely by signing it, as the law in this jurisdiction is settled that parol authority to sell land is sufficient. A case directly in point is Monroe v. Bailey, 145 Ky. 794, 141 S. W. 412, where the property was jointly owned by the husband and wife and she did not sign the contract but it was signed only by the husband. We held that it could be established by parol testimony that he was acting as agent for his wife in signing the contract.

There is no merit in appellees' contention that the description of the land "his farm of about 73½ A more or less, which joins Jesse Atha & W. W. Hon on southwest side of their farm" is insufficient because it does not name the county or state wherein the land is located. The rule is that the Statute of Frauds demands a writing which itself affords a means by which the property sold can be identified, and while parol evidence is not admissible to vary or to add to the writing, it is admissible to designate the subject matter already identified in the minds of the parties. Montgomery v. Graves, 301 Ky. 260, 191 S. W. 2d 399. Here, the contract recites the land adjoins the farms of the purchasers. Certainly, in the light of the circumstances and the position of the parties at the time the writing was signed, parol evidence

can designate this land as the subject matter of the contract. As the very recent Montgomery opinion goes into this question thoroughly and discusses many authorities, we deem it unnecessary to give it more space here.

The judgment is reversed for proceedings consistent with this opinion.