## Hon et al. v. Richerson et al.

June 3, 1949.

L. M. Ackman for appellants.

C. C. Adams and F. A. Harrison for appellees.

OPINION OF THE COURT BY CLAY, COMMISSIONER—Affirming.

This is a second appeal in a suit to reform a written land contract and to have it specifically performed. The detailed facts may be found in Hon et al. v. Richerson et al., 301 Ky. 837, 193 S. W. 2d 441.

As a result of our former decision, the case was sent back for trial on the issue of whether or not appellees falsely and fraudulently misrepresented the number of acres in a tract of land they agreed to sell to appellants. The contract recited that the farm sold contained 73½ acres, more or less. Subsequent surveys made by appellants indicate the tract contains only 53 or 54 acres. The Chancellor determined that appellants had failed to sustain their allegations of fraud and misrepresentation, and dismissed appellants' petition.

The original deed to appellees described the acreage of this land as 55 acres, more or less. The tax assessment books likewise recited the same acreage. Appellants case is bottomed on these facts as indicating appellees had actual knowledge of how much land they owned, and when they executed a contract describing the farm as containing 73½ acres, they made a fraudulent misrepresentation. Appellants' evidence strongly indicated they were buying the property at the figure of $25 per acre, and the agreed purchase price was calculated at $25 per acre for 73½ acres. In the absence of other facts, the above evidence would tend to establish fraudulent misrepresentation.

Appellees proved, however, that in 1934, when they made an application for a loan on the property, the Federal Land Bank of Louisville had an independent survey made which showed that the tract contained 73½ acres. Not only did the surveyor's plat recite this acreage, but it was accepted by the Bank as accurate, and the mortgage to the Bank so characterized the property. Appellees testified this was the only survey of the land about which they knew; they accepted it as truthfully representing the acreage; and they had no reason to doubt its verity. In view of these facts, it is clear appellees themselves reasonably thought that the tract contained 73½

acres. As a matter of fact, they still maintain the original survey was accurate.

Assuming this Federal Land Bank survey was inaccurate and contained a mistaken estimate of the acreage, still appellees' reliance on it is convincing proof they did not *knowingly* deceive appellants. On the basis of the best evidence they had before them, they were reasonably induced to believe they owned the amount of property certified by a competent and independent surveyor. In addition, as the Chancellor carefully considered in an excellent opinion, the contract provided for a survey to be made by appellants before the deed was to be delivered. It would be unusual indeed for appellees knowingly to misrepresent the acreage in the tract and at the same time expressly provide for a survey which immediately would disclose the fraud.

It was pointed out in the opinion on the former appeal of this case that clear and convincing evidence is required to establish fraud which would justify the reformation of a contract. Appellants failed to sustain the burden of showing that appellees made any false representation with knowledge of its falsity. The Chancellor's findings on this issue were amply supported by the evidence.

For the reasons stated, the judgment is affirmed.