**Kim Lee ESTELL, Appellant,**

v.

**Robert BARRICKMAN, Appellee.**

**No. 78–CA–245–MR.**

Court of Appeals of Kentucky.

Sept. 22, 1978.

Robert P. Hastings, Louisville, for appellant.

William P. Swain, Raymond O. Harmon, Louisville, for appellee.

Before MARTIN, C. J., and REYNOLDS and WILHOIT, JJ.

REYNOLDS, Judge.

This is an appeal from a summary judgment granted appellee, Robert Barrickman, on the issue of his liability for injuries incurred by the appellant, Kim Lee Estell, while a passenger in a vehicle owned by Barrickman, but driven by his employee. The sole question presented is whether the trial court was correct in concluding that there was no genuine issue of material fact as to Barrickman's liability.

This action arose out of an accident that occurred on November 18, 1975, when the truck driven by Barrickman's employee, Davis Chipman, went out of control and flipped over while towing a disabled car. The parties agree that Estell was not an employee of Barrickman, but rather rode along with Chipman merely to provide him with company. It is further agreed that at the time of the accident, Chipman was on an authorized service run for his employer, Robert Barrickman, d/b/a Barrickman's Standard Service Station, which is a sole proprietorship. It also appears uncontradicted that while not aware that Estell had accompanied Chipman on this particular occasion, Barrickman did have knowledge of other instances where Chipman, as well as a fellow employee, had taken nonbusiness passengers, including Estell, along with them on service runs. While Chipman was relatively unhurt, Estell sustained severe injuries and subsequently filed suit against both Barrickman and Chipman. The judgment, which dismissed the complaint as to Barrickman only, did not specifically state the grounds for the dismissal, but the decision appears to be based on the principle that Chipman had no authority to invite Estell to ride along with him, and thus was not acting within the scope of his employment.

Estell argues that, because Barrickman placed no restrictions on who his employees might take along as passengers and, in fact, never objected when he saw nonbusiness passengers, including Estell, riding in his vehicle, his apparent acquiescence raises a question of fact as to whether Chipman had permission or authority to take guests with

**652**

him on service runs. Barrickman, on the other hand, contends that the law is clear that an employee has no implied authority to permit a third person to ride in his employer's vehicle, and that, if the guest sustains injuries as a result of the employee's negligence, the employer will not be liable because the employee is not acting within the scope of his authority. *Wigginton Studio v. Reuter's Administrator,* 254 Ky. 128, 71 S.W.2d 14 (1934). Barrickman also asserts that even conceding that he had seen Estell in the wrecker on other occasions, such is not material to this case because she was not his invitee then, or on the particular day in question.

While it is true that, in general, a servant has no implied authority to invite a third party to ride in his employer's vehicle, we cannot agree with Barrickman's contention that his knowledge of other occasions where nonbusiness passengers rode in his vehicle is immaterial to this case. Rather, we are of the opinion that if evidence of such knowledge is substantial enough, a question of fact is raised as to whether this knowledge and lack of objection make the nonbusiness passenger an invitee of the employer or constitutes a grant of apparent authority to the employee to offer these rides. While no cases were cited by Estell for this proposition, and though we are unable to discover any Kentucky cases involving this particular situation, we have found cases in other jurisdictions that have held that evidence of the owner's knowledge of an employee's practice of giving rides to nonbusiness passengers presents a jury question as to the owner's liability for the passenger's injuries. In *Wright v. Wright,* 229 N.C. 503, 50 S.E.2d 540 (1948), the North Carolina Supreme Court held it was error to grant a nonsuit at the close of the plaintiff-passenger's case where the evidence showed that the owner of the taxi had never told his driver not to take the driver's child, the plaintiff, with him, and had in fact seen the child in the taxi on several occasions, including the night of the accident. The court stated that evidence of the knowledge and consent of the owner to this practice was sufficient to raise the in-

ference that the passenger was the owner's guest or invitee, and that the question of the owner's liability should have been submitted to the jury. In *DeParcq v. Ligget & Myers Tobacco Company,* 81 F.2d 777 (8th Cir. 1936), the Court held it was error to refuse to submit to the jury the question of whether the "no riders" rule had been waived where the employee responsible for enforcing this rule had knowledge of rides given by another employee to nonbusiness passengers. The Court also ruled that these rides constituted evidence of a holding out by the employee responsible for enforcement of the "no riders" rule that the driver had apparent authority to permit nonbusiness passengers to ride with him, and that such a holding out sufficiently clothed the driver with apparent authority so as to allow riders to rely on this authority, and thus presented a jury question as to the driver's apparent authority. At this point, we believe that in order to avoid confusion we should distinguish between implied and apparent authority. Implied authority is actual authority, circumstantially proven, which the principal is deemed to have actually intended the agent to possess, and includes only such powers as are practically necessary to carry out the duties actually delegated. 3 Am.Jur.2nd *Agency* § 71. Apparent authority is not actual authority, but rather "is that which, by reason of prevailing usage or other circumstance, the agent is in effect held out by the principal as possessing. It is a matter of appearances, fairly chargeable to the principal and by which persons dealt with are deceived, and on which they rely." Annot., 2 A.L. R.2d 406, 407 (1948).

Here, Estell testified, (deposition of Kim Lee Estell, Pages 9–10) and Barrickman did not deny, that Barrickman had not only seen her riding in his vehicle with Chipman, but also had observed another employee and his girlfriend riding in this vehicle. It is also undisputed that Barrickman did not voice any objections to these activities. It is our opinion that whether Estell's theory of recovery against Barrickman is premised upon the apparent authori-

ty of the employee discussed in the *DeParcq* case, *supra*, or merely on the principle of respondeat superior based on the appellee making the appellant his invitee by his acquiescence, *Wright, supra,* the evidence presented to this point requires the judgment be reversed and the case remanded for trial on the question of Barrickman's liability for Estell's injuries. In determining whether a genuine issue of material fact exists, all doubts as to the existence of a question of fact must be resolved against the moving party. *Tillery v. Louisville & Nashville Railroad Co.*, Ky., 433 S.W.2d 623 (1968). In this case, we believe that Barrickman's inaction with respect to his employee's practice of permitting nonbusiness passengers to ride in his vehicle raises sufficient doubt so as to preclude summary judgment.

The judgment is reversed.

All concur.