**MILL STREET CHURCH OF CHRIST and State Automobile Mutual Insurance Company, Petitioners,**

v.

**Samuel J. HOGAN and Workers' Compensation Board, Respondents.**

**No. 89–CA–380–WC.**

Court of Appeals of Kentucky.

March 2, 1990.

Case Ordered Published by Court of Appeals March 16, 1990.

---

G. Sidnor Broderson, Timothy D. Mefford, Franklin, for petitioners.

Alton L. Cannon, Leitchfield, for Samuel J. Hogan.

Before HAYES, HOWARD and REYNOLDS, JJ.

HOWARD, Judge.

Mill Street Church of Christ and State Automobile Mutual Insurance Company petition for review of a decision of the New Workers' Compensation Board [hereinafter "New Board"] which had reversed an earlier decision by the Old Workers' Compensation Board [hereinafter "Old Board"]. The Old Board had ruled that Samuel J. Hogan was not an employee of the Mill Street Church of Christ and was not entitled to any workers' compensation benefits. The New Board reversed and ruled that Samuel Hogan was an employee of the church.

Samuel Hogan filed a claim for workers' compensation benefits for an injury he received while painting the interior of the Mill Street Church of Christ on December 15, 1986. In 1986, the Elders of the Mill Street Church of Christ decided to hire church member, Bill Hogan, to paint the church building. The Elders decided that another church member, Gary Petty, would be hired to assist if any assistance was needed. In the past, the church had hired Bill Hogan for similar jobs, and he had been allowed to hire his brother, Sam Hogan, the respondent, as a helper. Sam Hogan had earlier been a member of the church but was no longer a member. The church at the time the painting project was undertaken, had switched to an Elder form of church government. At the time Bill Hogan was employed for other projects, the church operated under a congregational form of church government.

Dr. David Waggoner, an Elder of the church, soon contacted Bill Hogan, and he accepted the job and began work. Apparently Waggoner made no mention to Bill Hogan of hiring a helper at that time. Bill Hogan painted the church by himself until he reached the baptistry portion of the church. This was a very high, difficult portion of the church to paint, and he decided that he needed help. After Bill Hogan had reached this point in his work, he discussed the matter of a helper with Dr. Waggoner at his office. According to both Dr. Waggoner and Hogan, they discussed the possibility of hiring Gary Petty to help Hogan. None of the evidence indicates that Hogan was told that he had to hire Petty. In fact, Dr. Waggoner apparently told Hogan that Petty was difficult to reach. That was basically all the discussion that these two individuals had concerning hiring a helper. None of the other Elders discussed the matter with Bill Hogan.

On December 14, 1986, Bill Hogan approached his brother, Sam, about helping him complete the job. Bill Hogan told Sam the details of the job, including the pay, and Sam accepted the job. On December 15, 1986, Sam began working. A half hour after he began, he climbed the ladder to paint a ceiling corner, and a leg of the ladder broke. Sam fell to the floor and broke his left arm. Sam was taken to the Grayson County Hospital Emergency Room where he was treated. He later was under the care of Dr. James Klinert, a surgeon in Louisville. The church Elders did not know that Bill Hogan had approached Sam Hogan to work as a helper until after the accident occurred.

After the accident, Bill Hogan reported the accident and resulting injury to Charles Payne, a church Elder and treasurer. Payne stated in a deposition that he told Bill Hogan that the church had insurance. At this time, Bill Hogan told Payne the total number of hours worked which included a half hour that Sam Hogan had worked prior to the accident. Payne issued Bill Hogan a check for all of these hours. Further, Bill Hogan did not have to use his own tools and materials in the project. The church supplied the tools, materials, and supplies necessary to complete the project. Bill purchased needed items from Dunn's Hardware Store and charged them to the church's account.

It is undisputed in this case that Mill Street Church of Christ is an insured em-

ployer under the Workers' Compensation Act. Sam Hogan filed a claim under the Workers' Compensation Act. There was no decision in this case by an administrative law judge. The Old Board decided the case in favor of the Petitioners on June 20, 1988. The New Board reversed and entered its final order in favor of Sam Hogan on January 20, 1989. It remanded Samuel Hogan's claim to an administrative law judge for determination of compensation benefits to which Samuel Hogan may be entitled. The Petitioners now ask this Court to review and reverse the decision of the New Board.

The Petitioners first contend that the New Board erred by exceeding the proper scope of its review. Specifically, petitioners argue that the New Board substituted its own decision on a factual question in place of the Old Board's decision. After reviewing the applicable facts and relevant law, we disagree with this contention.

■ First, the approach of courts to reviewing problems considered by administrative agencies has been based on the distinction between questions of law and questions of fact. 2 Am.Jur.2d *Administrative Law*, § 618. Questions of law are generally for the ultimate determination of the court while questions of fact are rarely considered by the court. 2 Am.Jur.2d, *supra*. Rulings by administrative agencies on mixed questions of law and fact are subject to judicial review. The court may substitute its judgment for the agency's ruling especially if that ruling was based on an incorrect view of the law. 2 Am. Jur.2d *Administrative Law* § 670.

■ Kentucky courts have followed a similar approach. Questions of fact are generally for determination by the administrative agency. The reviewing court should not substitute its judgment for that of the Workers' Compensation Board on questions of fact. *Paramount Foods, Inc. v. Burkhardt*, Ky., 695 S.W.2d 418 (1985). The Supreme Court held that in order to reverse the Board's finding, the claimant must present evidence that is so overwhelming as to compel a decision in the claimant's favor. *Paramount Foods, Inc.*

*v. Burkhardt, supra*, at 419. KRS 342.285 states that the reviewing court should not consider any new or additional evidence, and it should not substitute its judgment as to the weight of evidence on questions of fact. It can review the agency's decision to see if the order, decision, or award is clearly erroneous on the basis of the evidence contained in the whole record. Further, it is clear that the employee seeking benefits under the Workers' Compensation Act must prove employment. *Smith v. Perry*, Ky., 411 S.W.2d 903 (1967). Additionally, a party claiming the benefits of an agency relationship must prove that an agency relationship actually existed. *Cincinnati Insurance Company v. Clary*, Ky., 435 S.W.2d 88 (1968).

■ Petitioners contend that the New Board violated the above principles by substituting its own findings on questions of fact. We disagree. A review of the proceedings below shows that there was no real dispute as to the essential facts of this case. All of the parties seem to agree as to what the Elders decided, what had occurred in the past, and what Bill Hogan had been told during this specific employment. In this case, the New Board was reviewing the Old Board's decision to determine if the agreed facts established that Bill Hogan was acting as an agent for Mill Street Church of Christ and had the implied power to hire his brother, Sam Hogan, as a helper. Thus, the New Board was considering a question of law, not one of fact.

*Brewer v. Millich*, Ky., 276 S.W.2d 12 (1955), supports the New Board's decision to consider and determine whether Sam Hogan was an employee of the church. In *Brewer*, the Court ruled that since the facts were not essentially disputed, the question of whether the appellee in that case was an independent contractor or an employee was one of law. Similarly in *Aetna Casualty & Surety Co. v. Petty*, 282 Ky. 716, 140 S.W.2d 397 (1940), the Court ruled that since there was no substantial dispute concerning the facts, the question was one of law, and the Board's finding could be reviewed by the appellate court. Thus, the question involved in the case at

bar was one of law, and the New Board acted properly in deciding to overturn the Old Board's decision.

Petitioners argue that the New Board also erred by applying the doctrine of implied authority as a basis for creation of an employment relationship between Sam Hogan and Mill Street Church of Christ. We disagree.

■ KRS 342.260 establishes the employees that are covered under the Workers' Compensation Act. Specifically, employees covered include:

> ... every person, including a minor, whether lawfully or unlawfully employed, in the service of an employer under any contract of hire or apprenticeship, express or implied, and all helpers and assistants of employes whether paid by the employer or employe, if employed with the knowledge, actual or constructive of the employer....

Petitioners argue that the New Board erred by finding that a person hired under implied authority of an agent could be an employee for the purposes of this statute. The statute does not support petitioners' assertion.

The statute specifically mentions that the contract of employment can be either express or implied. Additionally, the statute specifically applies to all helpers and assistants of employees whether paid by the employer or employee. Petitioners argue that the employee must be employed with the actual or constructive knowledge of the employer. They contend that the facts of this case cannot meet this test. We find that the Mill Street Church of Christ had knowledge that Bill Hogan would have to hire a helper as in the past. Since he had hired his brother in the past, and had not been instructed differently this time, the church should be imputed with the knowledge if it is found that its agent had the authority to hire a helper. The trend has been to favor the award of compensation based upon a finding of employment. *Brewer v. Millich, supra,* at 16.

As part of their argument, petitioners argue the New Board also erred in finding that Bill Hogan possessed implied authority as an agent to hire Sam Hogan. Petitioners contend there was neither implied nor apparent authority in the case at bar.

■ It is important to distinguish implied and apparent authority before proceeding further. Implied authority is actual authority circumstantially proven which the principal actually intended the agent to possess and includes such powers as are practically necessary to carry out the duties actually delegated. *Estell v. Barrickman,* Ky.App., 571 S.W.2d 650 (1978). Apparent authority on the other hand is not actual authority but is the authority the agent is held out by the principal as possessing. It is a matter of appearances on which third parties come to rely. *Estell v. Barrickman, supra.*

■ Petitioners attack the New Board's findings concerning implied authority. In examining whether implied authority exists, it is important to focus upon the agent's understanding of his authority. It must be determined whether the agent reasonably believes because of present or past conduct of the principal that the principal wishes him to act in a certain way or to have certain authority. 3 Am.Jur.2d, *Agency* § 75. The nature of the task or job may be another factor to consider. Implied authority may be necessary in order to implement the express authority. 3 Am. Jur.2d, *Agency* § 75, *supra.* The existence of prior similar practices is one of the most important factors. Specific conduct by the principal in the past permitting the agent to exercise similar powers is crucial.

■ The person alleging agency and resulting authority has the burden of proving that it exists. *Lacy v. Hodgkin,* 275 Ky. 722, 122 S.W.2d 768 (1938); *American National Red Cross v. Brandeis Machinery and Supply Co.,* 286 Ky. 665, 151 S.W.2d 445 (1941). Agency cannot be proven by a mere statement, but it can be established by circumstantial evidence including the acts and conduct of the parties such as the continuous course of conduct of the parties covering a number of successive transactions. *Monohan v. Grayson County Supply Co.,* 245 Ky. 781, 54

S.W.2d 311 (1932); *Wedding v. Duncan*, 310 Ky. 374, 220 S.W.2d 564 (1949). Specifically one must look at what had gone on before to determine if the agent had certain authority. *Aeroplane Oil & Refining Co. v. Disch*, 203 Ky. 561, 262 S.W. 939 (1924). If considering past similar acts done in a similar manner, it is found that the present action was taken with the apparent scope of the agent's authority, the act is binding upon the principal. *Kentucky–Pennsylvania Oil and Gas Corporation v. Clark*, 247 Ky. 438, 57 S.W.2d 65 (1933); *Aeroplane Oil & Refining Co., supra.*

It has been held that technical distinctions between implied or apparent authority are immaterial if a third party would suffer loss. *American National Red Cross, supra.* The principal will be bound to a third person by the act of the agent within his implied authority even if the third person was unaware that the agent's authority was only implied. 3 Am. Jur.2d *Agency* § 75, *supra.*

In considering the above factors in the case at bar, Bill Hogan had implied authority to hire Sam Hogan as his helper. First, in the past the church had allowed Bill Hogan to hire his brother or other persons whenever he needed assistance on a project. Even though the Board of Elders discussed a different arrangement this time, no mention of this discussion was ever made to Bill or Sam Hogan. In fact, the discussion between Bill Hogan and Church Elder Dr. Waggoner, indicated that Gary Petty would be difficult to reach and Bill Hogan could hire whomever he pleased. Further, Bill Hogan needed to hire an assistant to complete the job for which he had been hired. The interior of the church simply could not be painted by one person. Maintaining a safe and attractive place of worship clearly is part of the church's function, and one for which it would designate an agent to ensure that the building is properly painted and maintained.

Finally, in this case, Sam Hogan believed that Bill Hogan had the authority to hire him as had been the practice in the past. To now claim that Bill Hogan could not hire Sam Hogan as an assistant, especially when Bill Hogan had never been told this fact, would be very unfair to Sam Hogan. Sam Hogan relied on Bill Hogan's representation. The church treasurer in this case even paid Bill Hogan for the half hour of work that Sam Hogan had completed prior to the accident. Considering the above facts, we find that Sam Hogan was within the employment of the Mill Street Church of Christ at the time he was injured.

The decision of the New Workers' Compensation Board is affirmed.

All concur.