MODIFIED: SEPTEMBER 27, 2018
RENDERED: JUNE 14, 2018
TO BE PUBLISHED

# Supreme Court of Kentucky

## 2016-SC-000511-DG

FINAL

DATE 9/27/18 Kim Redmon, DC

BAUMANN PAPER CO., INC.        APPELLANT

ON REVIEW FROM COURT OF APPEALS
V.        CASE NO. 2015-CA-000910-MR
FAYETTE CIRCUIT COURT NO. 14-CI-01619

KENNETH HOLLAND        APPELLEE

**OPINION OF THE COURT BY JUSTICE WRIGHT**

**AFFIRMING AND REMANDING**

## I. BACKGROUND

Kenneth Holland began his employment with Baumann Paper in 1971 and worked for the company until his retirement in September 2013. Holland had worked as a warehouse employee and supervisor until he took a Family Medical Leave Act (FMLA) absence due to heart complications in 2013. Holland's doctor determined that Holland's heart complications were disabling and he was unable to return to work. Once Holland's FMLA leave expired, the company offered Holland early retirement, which he took. When Holland retired from Baumann, he began receiving money from his 401(k) and profit sharing benefits.

For the first sixteen years of Holland's tenure at Baumann Paper, the company had a pension plan. However, in 1987, Baumann Paper discontinued the pension plan and provided other retirement options to its employees.

Among these options were a 401(k) plan, a profit sharing plan, and a purported salary continuation agreement (hereinafter known as the SCA). The parties disagree as to whether the SCA was a binding agreement.

The SCA was discussed in depth with Holland and other Baumann Paper employees by Manfred Benndorf, an insurance agent, and the president of Baumann Paper, Fred Baumann. It was signed by both Holland and Baumann Paper's secretary, Mitchell Baumann.[1] The president of Baumann Paper, Fred Baumann, did not sign the SCA and the company argues, for that reason, the SCA did not bind Baumann Paper. However, Baumann Paper's corporate secretary signed the SCA and a corporate resolution document details the Board of Directors' meeting during which the SCA was approved.

Holland contributed to the 401(k) and a profit-sharing plan. When Baumann Paper sent Holland a letter offering him early retirement upon the expiration of his FMLA time, the letter stated Holland must retire to rollover his 401(k) and profit sharing benefits. Holland retired and sent Baumann Paper a letter demanding the disability income benefits that were entailed in the SCA. Baumann Paper has maintained that this agreement never became binding. However, as mentioned previously, the corporate secretary had signed the SCA and there is a corporate resolution document that details a Board of Directors' meeting in 1987 which approved the SCA. Further, Baumann Paper took out life insurance policies on the employees who discussed the SCA, including

---

[1] Baumann Paper's secretary, Mitchell Baumann, was the wife of Baumann Paper's president, Fred Baumann, when she signed the SCA.

Holland. Fred Baumann, president of Baumann Paper, testified that the reasoning for the life insurance policies was twofold: first, due to the value of the employees to the company, and, secondly, that the insurance was initially an attempt to pay for the projected costs of the SCA benefits.

Holland brought claims against Baumann Paper for breach of contract, quantum meruit, unjust enrichment, conversion,[2] and fraud. On March 25, 2015, the trial court overruled Holland's and Baumann Paper's motions for summary judgment on the issues of breach of contract, quantum meruit, unjust enrichment, and fraud, but granted Baumann Paper's motion for summary judgment on the issue of conversion. Thereafter, Baumann Paper filed a motion asking the trial court to alter, amend or vacate its opinion and order. The trial court sustained this motion and vacated its original opinion and order. In reconsidering, the trial court held that Baumann Paper was entitled to summary judgment as a matter of law on all claims, and dismissed Holland's complaint with prejudice.

Holland appealed to the Court of Appeals and that court reversed the circuit court, stating that the agreement constituted a valid contract and remanded to the trial court for further proceedings regarding whether Holland suffered a disability, and, if so, to what damages Holland is entitled. Baumann Paper appealed that decision to this Court. We affirm the Court of Appeals and

---

[2] Conversion was not addressed by Holland on appeal, therefore this claim is not before this Court.

3

remand this case to the trial court for further factual determinations regarding the alleged breach of the contract.

## II. ANALYSIS

This case turns on the issue of contract formation—which is a question of law to be reviewed de novo where, as here, the relevant facts are undisputed. For the reasons detailed below, we hold the parties formed a valid contract regarding the SCA. Our inquiry does not end there, however. We must also examine the trial court's entry of summary judgment. This Court has held "summary judgment is proper only where the movant shows that the adverse party cannot prevail under any circumstances." *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476, 479 (Ky. 1991). Furthermore, Kentucky Rules of Civil Procedure Rule 56.03 states that summary judgment should be granted if the evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. In review of the record, we believe there are sufficient genuine issues of material fact for Holland to withstand a motion for summary judgment. Thus, the trial court erred by entering summary judgment at that stage of the proceedings, and Holland would suffer an injustice by this Court now affirming that summary judgment.

Specifically, Holland has presented a genuine issue of material fact as to the breach of the SCA contract. Baumann Paper has failed to show that Holland could not prevail under any circumstances and the trial court erred in granting summary judgment.

4

First, as to the formation of the contract, Baumann Paper points out that the SCA contained neither a date nor the signature of the president of Baumann Paper. However, the SCA did have Holland's and the corporate secretary, Mitchell Baumann's, signatures. "To create a valid, enforceable contract, there must be a voluntary, complete assent by the parties having capacity to contract." *Conners v. Eble*, 269 S.W.2d 716, 717-18 (Ky. 1954). Baumann Paper's corporate resolution from August 12, 1987, stated that the SCA had been approved. This corporate resolution is signed and dated and identifies the subject matter of the corporate resolution. The Court of Appeals further stated:

> The agreement is a valid contract. Material issues of fact remain regarding whether the company breached its duty under the contract, as the factual question of whether Holland was totally disabled remains, and whether and to what extent Holland suffered damages. Likewise, material issues of fact still remain regarding Holland's fraud claim.

Holland contended—and the Court of Appeals agreed—that the corporate resolution and the SCA together satisfy the statute of frauds and are sufficient to create a binding contract. We agree.

"[W]hile parol evidence is not admissible to vary or to add to the writing, it is admissible to designate the subject matter already identified in the minds of the parties." *Hon v. Richerson*, 193 S.W.2d 441, 443 (Ky. 1946).

In fact, 72 Am. Jur. 2d Statute of Frauds § 273 states:

> The relation of several papers relied on as together constituting a sufficient memorandum to satisfy the Statute of Frauds may appear either by express reference or from the nature of the contents. Separate writings that are related in subject matter may be read together to satisfy the requirement of the statute for a

5

memorandum not only where both are signed by the party to be charged but also where only one of them is so signed if they are so connected that the signature appearing upon the one can be said to authenticate the other one, which is unsigned. Under such circumstances, it is deemed that there is, in fact, a reference in the one instrument to the other.

Here, the corporate resolution details the SCA, stating:

IT IS HEREBY RESOLVED that Baumann Paper Co., Inc. approves the Non-qualified Salary continuation Agreement, dated August 12, 1987 which has been executed by Kenneth Holland and the President of Baumann Paper Co., Inc. on behalf of Baumann Paper Co., Inc. and subject to ratification.

"The statute of frauds requires that agreements be in writing and signed by the party to be charged therewith." KRS 371.010(9). Though the SCA lacked Fred Baumann's signature, the corporate resolution and the SCA signed by the corporate secretary satisfy the statute of frauds. Separate writings may form the memorandum of contract required by the Statute of Frauds. *Lonnie Hayes & Sons Staves, Inc. v. Bourbon Cooperage Co.,* 777 S.W.2d 940, 942 (Ky. Ct. App. 1989). Restatement of Contracts 2d, § 132. 72 Am. Jur. 2d Statute of Frauds § 371.

Here, the corporate resolution noted the Board of Directors' approval of the SCA. Baumann Paper argued that the president did not sign the SCA, therefore it never came into effect. However, the document was signed by the secretary, Mitchell Baumann—who had, at the very least, implied authority to bind the corporation.

"Implied authority is actual authority circumstantially proven which the principal actually intended the agent to possess and includes such powers as are practically necessary to carry out the duties actually delegated." *Mill St.*

6

*Church of Christ v. Hogan*, 785 S.W.2d 263, 267 (Ky. App. 1990) (quoting *Estell v. Barrickman*, 571 S.W.2d 650 (Ky. App. 1978)). Here, there is evidence that the secretary had the implied authority to sign the SCA when her position in the corporation is combined with the corporate resolution that approved the SCA. Therefore, the SCA and the corporate resolution combine to form a binding agreement between Holland and Baumann Paper regarding the SCA.

While we hold these documents constituted a binding contract, this case is far from over. Since the trial court granted summary judgment, it never made any findings of fact regarding the alleged breach of such contract, Holland's disability, damages, or fraud claim. We remand to the trial court for findings as to these issues of fact and for further proceedings in conformity with this opinion.

### III. CONCLUSION

For the foregoing reasons, we affirm the Court of Appeals and remand this matter to the trial court for further proceedings consistent with this opinion.

All sitting. Minton, C.J., Cunningham, VanMeter, Venters, and Wright, JJ., concur. Hughes, Keller, JJ., concur in result only.

7

COUNSEL FOR APPELLANT:

William A. Hoskins III
Jackson Kelly PLLC

Brent Robert Baughman
Bingham Greenebaum Doll, LLP

Margaret Jane Brannon
Jackson Kelly PLLC

Jared Andrew Cox
Bingham Greenebaum Doll, LLP


COUNSEL FOR APPELLEE:

Edwin Clark
Clark Law Office, Inc.

# Supreme Court of Kentucky

2016-SC-000511-DG

BAUMANN PAPER CO., INC.                                    APPELLANT

ON REVIEW FROM COURT OF APPEALS
V.                    CASE NO. 2015-CA-000910-MR
FAYETTE CIRCUIT COURT NO. 14-CI-01619

KENNETH HOLLAND                                            APPELLEE

## ORDER DENYING PETITION FOR REHEARING AND GRANTING MODIFICATION OF OPINION

This matter is before the Court on the Appellant's Petition for Rehearing or Modification of the Opinion of the Court, rendered June 14, 2018. The Court having reviewed the record and being otherwise fully and sufficiently advised, ORDERS:

1. The Petition for Rehearing, filed by the Appellant, of the Opinion of the Court, rendered June 14, 2018, is DENIED.

2. The Opinion is MODIFIED on its face by substitution of the attached Opinion in lieu of the original Opinion rendered June 14, 2018. Said modification occurs on page 4 and does not affect the holding.

All sitting. Minton, C.J., Cunningham, VanMeter, Venters, and Wright, JJ., concur. Hughes and Keller, JJ., would grant the Petition for Rehearing.

ENTERED: September 27, 2018.

_____
CHIEF JUSTICE