RENDERED: SEPTEMBER 4, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2018-CA-001753-MR

KENTUCKY RETIREMENT SYSTEMS                                APPELLANT


v.
APPEAL FROM FRANKLIN CIRCUIT COURT
HONORABLE PHILLIP J. SHEPHERD, JUDGE
ACTION NO. 16-CI-00066


NANCY GAUZE                                                        APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, COMBS, AND MAZE, JUDGES.

COMBS, JUDGE:  The Kentucky Retirement Systems (the Appellant) appeals an

opinion and order of the Franklin Circuit Court of October 25, 2018, reversing the

agency's decision to deny disability benefits to Nancy Gauze (the Appellee).

Appellant argues that the Franklin Circuit Court erred by not dismissing the case

for lack of prosecution pursuant to CR[1] 77.02 and by re-weighing the evidence. We disagree with both arguments. Thus, after our review, we affirm.

Gauze worked as a Food Service Manager for the Ashland Independent School District for twenty-three years. Her duties included: (1) preparing breakfast and lunch for Ashland Middle School students; (2) recording inventory; (3) supervising food staff; and (4) stocking orders. She worked approximately eight hours per day. Her job required her: (1) to stand or walk during most of her shift; (2) to lift boxes of food products weighing as much as forty pounds or more; and (3) to bend, stoop, and squat repeatedly. Over the course of the years, Gauze testified that her legs and arms would often "go numb."

Gauze requested and received accommodations from her employer. Floor mats were laid on tile floors and she was provided non-skid shoes. A hand-cart was made available to her for use in open areas. However, even with these accommodations, Gauze was unable to perform all her duties. It became necessary for co-workers to assist her. In light of her need of assistance, Gauze's supervisor expressed concern about her ability to do her job.

In order to remedy some of her conditions, Gauze planned physician-recommended surgery. Her last day of physical work prior to her surgery was December 18, 2013. On December 27, 2013, Gauze underwent surgery to address

[1] Kentucky Rules of Civil Procedure.

issues pertaining to: (1) lumbar spinal fusion; (2) rheumatoid arthritis; (3) lumbar disc disease; (4) fibromyalgia; (5) cervical disk budge; (6) dizziness; and (7) numbness. Her recovery was gradual. Her neurosurgeon eventually cleared her to return to work, but he restricted her to lifting no more than fifty pounds -- and doing so no more than twice a day. Gauze informed only her direct supervisor of her restrictions. He advised her there was no "light duty" work available in the school system for which she qualified. Light work" is defined in KRS[2] 61.600(5)(c)2 as follows:

> Light work shall be work that involves lifting no more than twenty (20) pounds at a time with frequent lifting or carrying of objects weighing up to ten (10) pounds. A job shall be in this category if lifting is infrequently required but walking and standing are frequently required, or if the job primarily requires sitting with pushing and pulling of arm or leg controls. If the person has the ability to perform substantially all of these activities, the person shall be deemed capable of light work. A person deemed capable of light work shall be deemed capable of sedentary work unless the person has additional limitations such as the loss of fine dexterity or inability to sit for long periods.

She did not inform or consult with anyone else in the school system, including the Human Resources Department. She simply resigned, and her last day of paid employment was September 30, 2014.

---

[2] Kentucky Revised Statutes.

Gauze filed an application for early retirement benefits based on her disability due to the issues listed above. She explained she was unable to lift and stand for a long period of time. After reviewing her application, the Appellant's Medical Review Board recommended denial.

Gauze then requested and was granted an administrative hearing. After the hearing, the hearing officer prepared findings of fact, conclusions of law, and a recommended order upholding the Medical Review Board's denial of benefits. In relevant part, the recommended order states as follows:

> Claimant has failed to establish disability based upon the cumulative effect of her conditions. Claimant failed to present her required restrictions to anyone else other than her direct supervisor. The Record does not show whether Claimant discussed her claim with Human Resources prior to filing her notice of resignation as was recommended by her physician. Regardless, Claimant testified that she was given multiple accommodations, and that her co-workers were there for assistance when she needed it. None of Claimant's treating physicians provided statements which would render her conditions debilitating. Claimant claimed that the majority of her conditions were controlled medicinally, and the records did not indicate that these medications were ever discontinued. For these reasons, Claimant has failed to establish disability based upon the cumulative effect of her conditions.

(Record (R.) at 501-02). After the Appellant's Disability Appeals Committee met, the Appellant's Board of Trustees adopted the hearing officer's recommended order.

- 4 -

Contending that the record contained substantial evidence to show that she was unable to perform her duties due to a disability, Gauze appealed to the Franklin Circuit Court. Appellant filed its answer on February 5, 2016, but no action was taken on the case for more than a year. The Clerk of the Franklin Circuit Court issued a notice to dismiss for lack of prosecution. Gauze filed no pleadings to show good cause why the case should not be dismissed, and she took no other action to pursue her appeal. Nevertheless, the Franklin Circuit Court, *sua sponte*, issued an order establishing a briefing schedule. Following the submission of briefs, the Franklin Circuit Court reversed the Appellant's final order, **finding that it was not supported by substantial evidence** and ordering Appellant to award Gauze disability benefits. This appeal followed.

KRS 13B.160 governs this Court's review of a circuit court's prior review of a final order of an administrative agency. Therefore, our Court must adhere to KRS 13B.150(2). We may not substitute our judgment for that of the agency as to the weight of the evidence on questions of fact. KRS 13B.150(2). Our review of an administrative action is generally focused on the question of arbitrariness. *Kaelin v. City of Louisville*, 643 S.W.2d 590, 591 (Ky. 1982). If substantial evidence exists to support the agency's findings, those findings must be upheld despite the presence of conflicting evidence. *Ky. Comm'n on Human Rights v. Fraser*, 625 S.W.2d 852, 856 (Ky. 1981). Substantial evidence is

"evidence of substance and relevant consequence, having the fitness to induce conviction in the minds of reasonable men." *Ky. State Racing Comm'n v. Fuller*, 481 S.W.2d 298, 308 (Ky. 1972). As the sole fact finder, an administrative agency has broad discretion in evaluating the evidence. *Aubrey v. Office of Attorney General*, 994 S.W.2d 516, 519 (Ky. App. 1998). However, its conclusions of law are subject to our *de novo* review. *Mill Street Church of Christ v. Hogan*, 785 S.W.2d 263, 266 (Ky. App. 1990).

Appellant first argues that the circuit court erred by failing to dismiss the case for lack of prosecution pursuant to CR 77.02(2). CR 77.02 is essentially a "housekeeping rule" utilized to remove stale cases from a court's docket. This rule was created for use by trial courts – not by appellate courts. It provides as follows:

> At least once each year **trial courts** shall review all pending actions on their dockets. Notice shall be given to each attorney of record of every case in which no pretrial step has been taken within the last year, that the case will be dismissed in thirty days for want of prosecution except for good cause shown. The court shall enter an order dismissing without prejudice each case in which no answer or an insufficient answer to the notice is made.

CR 77.02(2) (emphasis added). In the case before us, the Franklin Circuit Court was functioning as an appellate court. KRS 61.645(14) ("Any person adversely affected by a decision of the board . . . **may appeal** . . . to the Franklin Circuit

Court") (emphasis added). Because the Franklin Circuit Court was acting in an appellate capacity, arguably CR 77.02 may not be applicable at all.

Regardless, a court always enjoys discretion in deciding whether or not to dismiss a case for lack of prosecution. Trial courts have wide discretion in dismissing cases under CR 77.02. *Honeycutt v. Norfolk S. Ry. Co.*, 336 S.W.3d 133, 135 (Ky. App. 2011). The circuit court did not abuse its discretion proceeding as it did.

Appellant next argues that the circuit court erred by re-weighing the weight of the evidence. We disagree.

A court cannot substitute its judgment for that of an administrative agency as to the weight given to evidence bearing on fact issues. KRS 13B.150(2). The agency as trier of fact "is afforded great latitude in its evaluation of the evidence heard and the credibility of witnesses appearing before it." *Bowling v. Nat. Res. and Envtl. Prot. Cabinet*, 891 S.W.2d 406, 409-10 (Ky. App. 1994).

With that guideline in mind, the circuit court observed that a reviewing court may overturn an agency's decision if the evidence in favor of the party bearing the burden of proof "is so compelling that no reasonable person could have failed to be persuaded by it." *Ky. Ret. Sys. v. Ashcraft*, 559 S.W.3d 812, 816 (Ky. 2018) (citing *McManus v. Ky. Ret. Sys.*, 124 S.W.3d 454, 458 (Ky. App. 2003)). The circuit court reversed after "find[ing] the agency's final order

is . . . [w]ithout support of substantial evidence on the whole record . . . ." KRS 13B.150(2)(c).

At issue is the sometimes elusive -- if not necessarily subjective -- determination of what is truly **substantial** evidence. There is no doubt that there is ample evidence in this record supporting both sides. However, the mere quantity of evidence is not the test. As noted by both *Ashcraft*, *supra*, and *McManus*, *supra*, the qualitative element of the evidence is critical, *i.e.*, that it is "so compelling" that "no reasonable person could have failed to be persuaded by it." *Ashcraft,* 559 S.W.3d at 816.

In the case before us, the circuit court carefully reviewed the evidence, recounting in considerable detail the rigorous tasks that Gauze performed daily in the course of her twenty-three years of service. She was on her feet almost constantly for eight hours and performed a variety of functions, including heavy lifting of food products to stock the cafeteria. The court observed as follows:

> . . . However, according to the job descriptions in the record, the heaviest items that she lifted unassisted were frozen foods and sauces, which weighed approximately thirty (30) to fifty (50) pounds. RO at 16; AR at 6, 9. She was required to carry these and other items approximately eighteen (18) feet and did so for roughly two and a half (2.5) hours of each day. AR at 6, 9. Gauze also testified that she lifted eighty (80) pounds of frozen ground beef, thirty (30) pounds of corn, and thirty (30) pounds of green beans. RO at 16. She testified that her job required repetitive "lifting, bending, stooping, [and] squatting."

- 8 -

> When asked about "the physical effort requirements for the employee to perform his or her job duties as of the last day worked," both Gauze and her employer noted that the requirements were "[v]ery hard work on the back, hands, arms, legs and feet." AR at 6, 9. Her supervisor also submitted a memo dated August 26, 2014, in which she explained that "[t]he Food Service Manager position does not have a light duty. There is a lot of lifting and standing. Employee must be able to stand for a long period of time and lift product."

Opinion and Order, Franklin Circuit Court, October 25, 2018, p. 2.

In a carefully-crafted, well-reasoned opinion, the court undertook a thorough analysis of all the evidence in this case. Its opinion recited the elements of KRS 13B.150(2) setting forth the statutory criteria that both govern and circumscribe the role of a court reviewing a final order of an administrative agency. The court reasoned that the quality of the evidence wholly supported the conclusion that Gauze presented evidence so compelling that no reasonable person could deny her eligibility for disability benefits.

The circuit court reasoned as follows in a portion of its opinion entitled, "The Agency's Decision is Not Supported by Substantial Evidence":

> Though the parties presented various arguments, this case can be resolved under the "substantial evidence" standard. The evidence available in the Administrative Record reveals the following: Gauze suffered from degenerative disc disease and underwent a L4-5 laminectomy, bilateral foramintotomies at L3-4, L4-5, and L5-S1, excision of a left L4 synovial cyst, and fosterolateral fusion surgery on December 27, 2013.

Gauze's neurosurgeon, Dr. Powell, did not release her to return to work until August 6, 2014. He conditioned her release on a fifty (50) pound lifting restriction, and she was instructed not to lift more than twice a day. Dr. Powell advised her that this lifting restriction must be accommodated; otherwise, Gauze must seek permanent disability status. However, due to the heavy and repeated lifting required of a Food Service Manager, Gauze's employer could not accommodate the lifting restrictions imposed by Dr. Powell. Accordingly, her last day of paid employment was on September 30, 2014. Despite this evidence, the Agency denied Gauze's application and now argues that the lifting restrictions imposed by Gauze's neurosurgeon were "minor." [citations omitted]. However, Gauze's employer indicated that she could not accommodate the restrictions and stated that there was no light duty work available for Gauze. This was supported by the memo submitted by Gauze's supervisor, the job descriptions submitted by Gauze and her employer, and the testimony of Gauze. Thus, the Court finds Respondent's characterization of the restriction as "minor" to be wholly unpersuasive. It is clear that, regardless of how "minor" the restriction, it could not be accommodated.

The fact that the restriction could not be accommodated is not altered by the presence of a handcart or the assistance that Gauze previously received from her coworkers. Though Respondent refers to these forms of assistance to support its denial of Gauze's application, the record clearly indicates that Gauze received such assistance *prior* to her surgery and the resulting lifting restrictions. In addition, her supervisor acknowledged that the handcart provided help only in open areas of the kitchen and cafeteria; it could not be used in tighter spaces. Furthermore, her supervisor explained that each employee is expected to perform his or her daily tasks and expressed concern upon discovering that Gauze received help from her coworkers. Of course, the record also contains the

supervisor's unequivocal denial of the request for accommodation, which was joined by an Agency Representative. **No reasonable person would review this evidence and fail to be persuaded that the lifting restriction could not be accommodated.**

The agency also places tremendous weight on the fact that Gauze did not speak directly with or submit a written accommodations request to Human Resources. However, from even a cursory review of the record, it is clear that Human Resources could not have accommodated the lifting restrictions imposed by Dr. Powell; at most, the department could have provided her with a written denial of her accommodations request. However, though the Agency places great weight on the fact that the record lacks such a written denial, the Court again notes that Gauze's supervisor stated—in unequivocal terms—that Gauze's lifting restrictions could not and would not be accommodated. **Any reasonable person viewing this evidence would understand that Gauze's accommodation request was impossible to fulfill.**

Opinion and Order, *supra*, pp. 9-11 (emphases added).

In summarizing the quantity and quality of the evidence, the circuit court recapitulated both its substantial nature supporting Gauze and its quantitively compelling nature:

Even without considering the cumulative effective of the various other ailments suffered by Gauze, the Court finds that the Agency erred in denying Gauze's disability benefit application. There is **substantial evidence** on the record demonstrating that Gauze suffers from degenerative disc disease and, since at least August 6, 2014, she has been limited to lifting fifty (50) pounds or less, no more than twice a day. There is also **substantial evidence** in the record to show that this restriction cannot

and would not be accommodated. Thus, there is **substantial evidence**, including objective medical evidence, on the record to show that Gauze is and has been permanently incapacitated from performing her job as a Food Service Manager since her last day of paid employment on September 30, 2014. The evidence is **so overwhelming as to compel** a finding in Gauze's favor. For these reasons, this Court finds that the Agency's decision was not supported by substantial evidence and the Final Order must be reversed.

Opinion and Order, *supra*, p. 12 (emphases added).

The Appellant premises its allegation of error on an improper "re-weighing" of the evidence by the circuit court. Much discussion has focused on the proper measure of discretion that a court reviewing administrative law matters must accord to an agency. An agency's discretion is broad indeed. But it is not absolute or unfettered. Administrative determinations surely cannot be immune from the scrutiny of a reviewing court without undermining and sabotaging the guarantee of the right of at least one appeal under Section 115 of the Constitution of Kentucky.

And so, as noted at the onset of this opinion, the question remains: how does a reviewing court comply with its constitutional duty to conduct an appeal if it is bound to accord to an agency what has become an almost insurmountable level of deference to agency decisions? The answer has to be one of finding the proper balance between deference to an agency as set forth by statute and the constitutional guarantee of a meaningful appeal/review. And in order to be

meaningful, an appeal must -- perforce -- entail a court's review of the same evidence that was initially weighed by an administrative body. Needless to say, any judicial review could be characterized as "re-weighing" of the evidence. But that characterization in this case is merely semantic.

All the evidence in this case was clear that Ms. Gauze suffered severely debilitating injuries after 23 years of service to the Ashland Independent School District. Yet in a highly conclusory and perfunctory order, the Kentucky Retirement Systems found otherwise -- essentially by administrative *fiat*.

The Franklin Circuit Court meticulously reviewed the evidence -- as was its duty. In its review, the Franklin Circuit Court correctly found repeatedly that the agency's order denying Gauze's benefits clearly was not supported by substantial evidence. Again, Section 115 of the Kentucky Constitution guarantees one appeal as a matter of right to every litigant. No statute can override or supersede that right of constitutional import. And we must presume that an appeal shall be meaningful and honest rather than an act of perfunctory deference to an agency decree -- where substantial evidence is merely recited rather than demonstrated.

We are persuaded that the Franklin Circuit Court wholly complied with its constitutional mandate to review the evidence in this case. We reject the

argument that it engaged in an "improper re-weighing" of the evidence or substitution of its judgment for that of the agency.

Consequently, we AFFIRM the opinion and order of the Franklin Circuit Court reversing the decision of the Kentucky Retirement Systems.

MAZE, JUDGE, CONCURS.

ACREE, JUDGE, DISSENTS AND DOES NOT FILE SEPARATE OPINION.

BRIEFS FOR APPELLANT:

Leigh A. Jordan Davis
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Jerald Bryan LeMaster
Somerset, Kentucky